Judge Owsley
delivered the Opinion of fhe Court.
This is an appeal from a judgment rendered in favor of Williamson, in a proceeding by petitition and summons against him, by Trotter.
The judgment was rendered after the jury had found a verdict for Williamson, and after the motion of Trotter, to set a side the verdict and grant a new trial had been Overruled by the court. The refusal of the court to award a new trial was excepted to by Trotter and the whole of the evidence introduced before the jury made part of the record.
The verdict ought, we think, to have been set aside. It is not to be ascertained from any thing.that can with propriety be denominated part of the record, whether any, and if any, what issue the jury was called to try. The only notice taken on the record of any plea on the part of Williamson, is contained in an entry on the order book, by which it appears that he fded a plea of payment; but the record contains no such plea, nor is there to be found any replication calculated to make an issue to such a plea. It might therefore be a sufficient objection to the verdict found by the jury in favor of Williamson, that there was no issue between the parties for the jury to try, and to which their verdict could respond.
But in such case, a plea of' accord and satisfaction with a replication being found in the record, on which a bill of exceptions' shewed the parties had tried the case, the irregularity might be overlook? ed, it seems.
Plea that plaintiff accepted the provisions in a deed of trust, made to secure the payment of the note, is not good.
Wichliffe, for plaintiff.
'But tbe clerk has copied in the record that which purports to have been intended to be a plea of accord and satisfaction, and has also given a replication traversing the allegations contained in that plea; and although no notice of the fding of either the plea or replication is contained in the record, it is evident from the evidence contained in the bill of exceptions, which was taken to the refusal of the court to grant a new trial, that it was the issue made up by that plea and replication, the parties understood the jury were to try. Under these circumstances we have thought proper to treat the case as if the plea and replication had been noted on the order book, and have looked into the evidence contained in this bill of exceptions for the purpose of ascertaining whether or not in reference to that issue the verdict is supported by the evidence. But after the most attentive examination of the evidence we are constrained to say that we have been unable to discover .any thing which in our opinion even conduces to prove the accord and satisfaction alleged in the plea. Were the issue to that plea, therefore, admitted to be a material one, we should have no hesitation in saying, that the verdict of the jury is contrary to evidence, and should be set aside.
But the issue is not admitted to be material. The plea both in point of form and substance is clearly bad. The satisfaction alleged in the plea is no legal bar to the action. It consists in the acceptance by Trotter of provisions contained in a deed of trust which had been previously made by Williamson to Haggin, &c. for the payment of sundry debts due from him, among which is the debt of Trotter. The acceptance by Trotter of the provisions of the deed of trust, at most, gave him, but an equity in the trust fund, and cannot therefore form a legal bar to his action at law against Williamson. The issue to that plea is of course immaterial.
The judgment-must be reversed with cost, the cause remanded to the court below, and the verdict of the jury set aside, and a repleader begawarded, and such further proceedings there had, as may be consistent with the principles of law and this opinion,